

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

October 25, 2022

Peter Carter, Esq.
Office of the Federal Public Defender
976 Broad Street
Newark, New Jersey 07102

    Re: Plea Agreement with Cabral Simpson

Dear Mr. Carter:

   This letter sets forth the plea agreement between your client, Cabral Simpson ("Simpson"), and the United States Attorney for the District of New Jersey ("the Office"). The government's offer to enter into this plea agreement will expire on November 4, 2022, if it is not accepted in writing by that date.

Charge

   Conditioned on the understandings specified below, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Simpson to Count One of the Criminal Indictment, 19-882 (KM), which charges him with conspiring to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

   If Simpson enters a guilty plea and is sentenced to the Stipulated Sentence as defined below, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Simpson for the conduct set forth in the Indictment. In addition, if Simpson fully complies with all of the terms of this agreement, at the time of sentencing in this matter this Office will move to dismiss the remaining counts of the Indictment, Criminal No. 19-882 (KM). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Simpson agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Simpson may be commenced against him, notwithstanding the expiration of the limitations period after Simpson signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C), either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which Simpson agrees to plead guilty carries a statutory maximum prison sentence of twenty years, and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Simpson, the sentencing judge: (1) will order Simpson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Simpson to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may order Simpson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583, may require Simpson to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Simpson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Simpson may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Simpson agree that a sentence: (1) within a Guidelines range of 0 (Probation) to 24 months' imprisonment; (2) a Special Assessment of $100; (3) up to three years of supervised release; (4) restitution in the amount of $1,288,990.69; and (5) forfeiture of up to $1,288,990.69 (the "Stipulated Sentence") is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence Simpson to the Stipulated Sentence. If however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, Simpson has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his

plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Simpson agrees to pay full restitution to the Federal Housing Administration/U.S. Department of Housing and Urban Development in the amount of $1,288,990.69.

Forfeiture

As part of his acceptance of responsibility, Simpson agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the commission of the conspiracy offense charged in Count One of the Indictment. Simpson further agrees that the value of such property was $1,288,990.69; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $1,288,990.69 (the "Forfeiture Amount"). Simpson consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Simpson further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Simpson waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Simpson understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by

the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Simpson further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Simpson fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Simpson has intentionally failed to disclose assets on his Financial Disclosure Statement, Simpson agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Simpson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Simpson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Simpson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be

- 4 -

materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Simpson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

This Office and Simpson agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Simpson further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. But this waiver does not apply to:

    1. Any proceeding to revoke the term of supervised release.

    2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

<u>Immigration Consequences</u>

Simpson understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Simpson

understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Simpson wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Simpson understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Simpson waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Simpson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Simpson received constitutionally ineffective assistance of counsel.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

s/Andrew Kogan

By: Andrew Kogan
Assistant U.S. Attorney

APPROVED:

/s/ Sean Farrell

Sean Farrell
Chief, Cybercrime Unit

I have received this letter from my attorney, Peter Carter, Esq. I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9/6/23
Cabral Simpson


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 9/6/23
F. R. "Chip" Dunne, III, Esq.
Counsel for Cabral Simpson

- 8 -

<u>Plea Agreement With Cabral Simpson</u>

<u>Schedule A</u>

This Office and Simpson agree to stipulate to the following fact:

1.    The loss amount is more than $550,000 but not more than $1,500,000.